# Dunn Isaacson Rhee

June 5, 2026

**Via ECF**
The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 11D
New York, NY 10007

*Elsevier, Inc., et al. v. Meta Platforms, Inc. and Mark Zuckerberg*, Case No. 1:26-cv-03689-PKC

**Re: Pre-Motion Letter for Meta's Anticipated Motion to Transfer Venue**

Dear Judge Castel:

We are counsel for Meta Platforms, Inc. ("Meta") in the above-captioned action. In accordance with Paragraph 3.A. of Your Honor's Individual Practices, we respectfully submit this pre-motion letter concerning Meta's anticipated motion to transfer venue to the United States District Court for the Northern District of California.[1] We have conferred with counsel for Plaintiffs, who have indicated they oppose this request. An initial conference is currently scheduled in this case for July 27, 2026, at 10:00 A.M. ECF No. 41.

This is a putative class action filed on behalf of legal or beneficial owners of copyrights in works allegedly reproduced or distributed by Meta. Plaintiffs allege that Meta—in the training of its AI models—engaged in copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 106(1), 106(3), and 501, as well as removal or alteration of copyright management information in violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202(b). Five actions involving claims and allegations substantially identical to those in the instant case—including another putative class action with a nearly-identical putative class definition to that offered here, which has been actively litigated for the last three years—are being litigated before Judge Vince Chhabria in the Northern District of California.[2] Accordingly, Meta seeks to transfer this case to the Northern District of California pursuant to the first-filed rule, which provides that when jurisdiction is proper in more than one forum and an action is one of two competing lawsuits, considerations of judicial administration and conservation of resources favor transfer to the first-filed forum.

---

[1] In filing this pre-motion letter, Meta does not waive any right, defense, affirmative defense, or objection, including any challenges to venue and/or the exercise of personal jurisdiction.

[2] *See Kadrey et al. v. Meta Platforms, Inc.*, No. 3:23-cv-3417-VC (filed July 7, 2023) (*Kadrey*); *Entrepreneur Media, LLC v. Meta Platforms, Inc.*, No. 3:25-cv-9579-VC (filed Nov. 6, 2025) (*Entrepreneur*); *Carreyrou et al. v. Meta Platforms, Inc.*, No. 3:26-cv-3725-VC (filed Dec. 22, 2025) (*Carreyrou*); *Chicken Soup for the Soul, LLC v. Meta Platforms, Inc.*, No. 3:26-cv-2333-VC (filed Mar. 17, 2026) (*Chicken Soup*); *Cognella, Inc. v. Meta Platforms, Inc.*, No. 3:26-cv-4053-VC (filed May 4, 2026) (*Cognella*).

**Dunn Isaacson Rhee LLP**
www.dirllp.com
401 9th Street, NW
Washington, DC 20004
(202) 240-2900

1

# Dunn Isaacson Rhee

As shown below, the first-filed rule applies here and creates a strong presumption of transfer. And even if the Court were to conclude that the first-filed rule did not apply, transfer of this case would still be proper under 28 U.S.C. § 1404(a).

## The First-Filed Rule Applies and Warrants Transfer to the Northern District of California

"In the event that jurisdiction 'may be proper in more than one forum' and an action is one of 'two competing lawsuits,' the Second Circuit has held that 'considerations of judicial administration and conservation of resources' favor transfer to the first-filed forum." *Wu v. Stomber*, No. 11-cv-7271-PKC, 2011 WL 6225142, at *1 (S.D.N.Y. Dec. 14, 2011) (quoting *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989)). This rule, known as the "first-filed" rule, "generally dictates that 'the first suit should have priority' in order to avoid 'duplicative litigation' and honor 'the plaintiff's [original] choice of forum.'" *United States v. New York*, No. 25-cv-3656-PKC, 2025 WL 2208941, at *2 (S.D.N.Y. Aug. 4, 2025) (quoting *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008)).

The first-filed rule applies where "the competing litigations involved merely *similar* issues and parties," and does not require that the issues and parties be identical. *Santana v. Cavalry Portfolio Servs., LLC*, No. 19-cv-3773-PAE, 2019 WL 6173672, at *4 (S.D.N.Y. Nov. 19, 2019) (emphasis in original); *see also Wang v. Phoenix Satellite Tel. US, Inc.*, No. 13-cv-218-PKC, 2014 WL 116220, at *3 (S.D.N.Y. Jan. 13, 2014) ("Complete identity of all parties is not a necessity, as long as the suits involve common issues of law or fact."). In analyzing the applicability of the rule, the court considers "whether the lawsuits at issue assert the same rights, and seek relief based upon the same facts." *Santana*, 2019 WL 6173672, at *3 (quoting *Castillo v. Taco Bell of Am., LLC*, 960 F. Supp. 2d 401, 404 (E.D.N.Y. 2013)).

Here, the issues are far more than "merely similar"—they are essentially identical. Plaintiffs assert copyright infringement and DMCA claims arising from the exact same conduct giving rise to the copyright infringement and DMCA claims in *Kadrey*, *Entrepreneur*, *Carreyrou*, *Chicken Soup*, and *Cognella*—to wit, Meta's alleged acquisition and use of copyrighted works to develop and train its family of large language generative AI models known as "Llama." *See, e.g.*, *Elsevier* ECF No. 1 ¶¶ 1–9; *Kadrey* ECF No. 702 ¶¶ 1–9, 91–93; *Entrepreneur* ECF No. 1 ¶¶ 1–9, 33. Plaintiffs are already part of the *Kadrey* class and are seeking overlapping class-wide relief. *Compare Elsevier* ECF No. 1 ¶ 167 (class definition), Prayer for Relief, *with Kadrey* ECF No. 702 ¶ 128 (class definition), Demand for Judgment; *see also Wyler-Wittenberg v. Metlife Home Loans, Inc.*, 899 F. Supp. 2d 235, 244, 247 (E.D.N.Y. 2012) (applying first-filed rule where there was "some degree of overlap . . . between the parties, claims, and the relief sought in each of the collective and class actions against" the defendant). Each of the claims asserted in Plaintiffs' Complaint involve factual and legal issues that have been litigated for nearly three years and/or are currently being litigated before Judge Chhabria in the Northern District of California. A side-by-side comparison of the five Northern District of California complaints and the *Elsevier* Complaint makes this apparent. For instance:

- The putative class definition in this case is substantially similar to that in the *Kadrey* class action lawsuit, which has been litigated for nearly three years. Both definitions include legal

**Dunn Isaacson Rhee LLP**
www.dirllp.com
401 9th Street, NW
Washington, DC 20004
(202) 240-2900



# Dunn Isaacson Rhee

and beneficial owners of books that were reproduced through downloading via torrenting in connection with Meta's AI models and that are registered with the United States Copyright Office. *Compare Elsevier* ECF No. 1 ¶ 167 (class definition), Prayer for Relief, *with Kadrey* ECF No. 702 ¶ 128 (class definition), Demand for Judgment.

- The legal claims asserted in this lawsuit overlap with the claims being litigated in the Northern District of California lawsuits: the *Elsevier* plaintiffs assert claims against Meta for direct copyright infringement in the form of reproduction and distribution of Plaintiffs' asserted works, contributory copyright infringement, and removal of copyright management information in violation of the DMCA, all of which are at issue in the first-filed California-venued cases. *See, e.g.*, *Kadrey* ECF No. 702 ¶¶ 99–106 (alleging direct copyright infringement); *id.* ¶¶ 119–27 (alleging contributory copyright infringement); *id.* ¶¶ 107–13 (alleging removal of CMI in violation of the DMCA); *Entrepreneur* ECF No. 1 ¶¶ 53–60 (alleging direct copyright infringement); *id.* ¶¶ 61–68 (alleging contributory copyright infringement); *id.* ¶¶ 69–78 (alleging removal of CMI in violation of the DMCA); *Cognella* ECF No. 1 ¶¶ 91–99 (alleging direct copyright infringement); *id.* ¶¶ 100–06 (alleging contributory copyright infringement); *id.* ¶¶ 107–12 (alleging removal of CMI in violation of the DMCA).

- This action alleges the same type of economic harm to the market for Plaintiffs' asserted works as the first-filed lawsuits, *see, e.g.*, *Elsevier* ECF No. 1 ¶¶ 128–60; *Entrepreneur* ECF No. 1 ¶¶ 45–52; *Cognella* ECF No. 1 ¶¶ 87–90, and seeks the same relief, *see, e.g.*, *Elsevier* ECF No. 1 Prayer for Relief; *Kadrey* ECF No. 702 Demand for Judgment; *Entrepreneur* ECF No. 1 Demand for Judgment.

Thus, were this action to proceed in this district, the parallel proceedings would result in duplicative judicial effort, duplicative discovery, and potentially inconsistent factual and legal determinations—including concerning the sufficiency of pleadings, class certification, and applicable defenses. It is therefore "in the interest of judicial administration and conservation of resources for these actions to be in the same tribunal." *Wu*, 2011 WL 6225142, at *1; *see also Castillo*, 960 F. Supp. 2d at 405 ("[I]t would be patently unfair to require Defendants to litigate the class issues here at the same time as those matters are being litigated in the first-filed action.").

For similar reasons, *Kadrey* was previously consolidated with *Huckabee et al. v. Meta Platforms, Inc.*, No. 3:23-cv-6663-VC (filed Oct. 17, 2023) (*Huckabee*), a putative class action originally filed in the United States District Court for the Southern District of New York and previously pending before Judge Lorna Schofield. *Kadrey* ECF No. 107; *Huckabee* ECF No. 69. Judge Schofield granted a stipulation to sever and transfer all claims against Meta to the Northern District of California based on the first-filed rule, as the *Huckabee* plaintiffs' claims against Meta overlapped with the claims asserted in *Kadrey*. *Huckabee* ECF No. 69 at 1.[3] Transfer should be ordered here as well.

---

[3] *Kadrey* had already been consolidated with another, later-filed case filed in the Northern District of California on September 12, 2023. *Huckabee* ECF No. 69 at 1–2.

**Dunn Isaacson Rhee LLP**
www.dirllp.com
401 9th Street, NW
Washington, DC 20004
(202) 240-2900

3

# Dunn Isaacson Rhee

## No Exceptions to the First-Filed Rule Apply Here

The Second Circuit "recognize[s] only two exceptions to the first-filed rule: (1) where the 'balance of convenience' favors the second-filed action, and (2) where 'special circumstances' warrant giving priority to the second suit." *Emps. Ins. of Wausau*, 522 F.3d at 275 (internal citations omitted). Neither exception applies here.

*The Balance of Convenience Weighs in Favor of Transfer*

"[T]he presumption in favor of the first-filed action remains undisturbed" by the balance of convenience exception unless the relevant factors "overwhelmingly support litigation" in the second-filed forum. *Cuebiq Grp. LLC v. PaeDae*, No. 24-cv-7542-JGLC, 2025 WL 2419711, at *9 (S.D.N.Y. Aug. 21, 2025). Here, the "balance of convenience" weighs in favor of the first-filed forum (California), not New York. When analyzing the balance of convenience, courts look to the factors considered in resolving motions to transfer under section 1404(a). *New York*, 2025 WL 2208941, at *3. Among these factors are: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.'" *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006)). "Courts also consider the forum's familiarity with the governing law and trial efficiency and the interests of justice." *Eve Sales Corp. v. Marie Sharp's USA, LLC*, No. 24-cv-2757-PKC, 2025 WL 606497, at *5 (S.D.N.Y. Feb. 24, 2025) (internal quotation marks omitted). These factors do not favor New York—rather, they favor California—as the most appropriate venue for this case, particularly given the strong presumption supplied by the first-filed rule, as discussed above.

The weight given to a plaintiff's choice of forum is diminished where, as here, "the operative facts lack a meaningful connection to the chosen forum." *Erickson v. Corinthian Colleges, Inc.*, No. 13-cv-4308-PKC, 2013 WL 5493162, at *2 (S.D.N.Y. Oct. 1, 2013). The weight of this factor is further reduced in putative class actions because the potential class members are located throughout the country. *Cf. id.* (discussing stockholder class actions); *see also id.* at *6 (noting that, even if the lead plaintiff resides within the district of initial filing, "the residence of a class representative is often a mere happenstance, which may be discounted by a court when weighing transfer factors"). And to the extent Plaintiffs filed in a new venue to avoid specific rulings of the court overseeing the related litigation against Meta in the Northern District of California (including dispositive rulings), their choice of forum is accorded even less weight. *Id.* at *3 ("[A] plaintiff's choice of forum is accorded less weight when that choice is based on tactical, rather than legitimate reasons.").

Meta's principal place of business is in Menlo Park, California, within the Northern District of California, making that district a superior forum with regard to several of the relevant factors, including the convenience of witnesses and parties, the locus of operative facts, and the ability to compel attendance of unwilling witnesses. For instance, several document custodians in the *Kadrey* matter are former employees of Meta who are based in California, and would not be subject to the

**Dunn Isaacson Rhee LLP**
www.dirllp.com
401 9th Street, NW
Washington, DC 20004
(202) 240-2900

4

# Dunn Isaacson Rhee

subpoena power of New York courts.  The bulk of current-employee witnesses in the case are based in Northern California; establishing a New York venue that might require them to travel to New York for court proceedings would be inefficient and inconvenient.  Notably, neither Meta nor defendant Mark Zuckerberg are residents of New York, and four of the seven named Plaintiffs do not reside in New York.  And as mentioned above, the putative class members, including individual authors, are widely dispersed around the country, if not the world.  New York has no apparent advantage over California or any venue in this regard.[4]

Importantly, the interests of judicial economy, efficiency, and justice overwhelmingly support the transfer of this action to the Northern District of California, which has become intimately familiar with the relevant facts and legal issues presented by Plaintiffs' case over the last almost three years.  In *Kadrey*, fact discovery has closed, and the court has already issued some dispositive rulings.  In *Entrepreneur*, discovery is actively ongoing and set to close in September, using the *Kadrey* discovery as a basis.  And discovery in *Carreyrou*, *Chicken Soup*, and *Cognella* is now underway on the same schedule as *Entrepreneur*, also with the foundational benefit of the *Kadrey* discovery.  No circumstances exist to overcome the "strong presumption" in favor of transferring this case to the same district where these earlier-filed, overlapping actions are proceeding.  *Oleg Cassini, Inc. v. Serta, Inc.*, No. 11-cv-8751-PAE, 2012 WL 844284, at *3 (S.D.N.Y. Mar. 13, 2012); *see also Teva Pharms. USA, Inc. v. Synthon Pharms. Inc.*, No. 17-cv-345-LGS, 2017 WL 11557018, at *2 (S.D.N.Y. Mar. 31, 2017) ("[I]t is difficult to imagine a more extravagantly wasteful and useless duplication of time and effort than for multiple suits involving the same product . . . to proceed in different districts.").

As to the means of the parties, Plaintiffs, which predominantly are major publishers generating billions of dollars in collective annual revenue and who seek to proceed as a class, have sufficient resources and ability to litigate in either forum.  In fact, Plaintiffs Cengage Learning, Inc. and Hachette Book Group, Inc.—represented by their counsel in this action—recently moved to intervene and seek appointment as class representatives in a putative class action pending in the Northern District of California that alleges copyright infringement against Google in connection with its Gemini AI platform.  *In re Google Generative AI Copyright Litig.*, No. 5:23-cv-03440-EKL (N.D. Cal.) (*Google*), ECF No. 342.  In doing so, Cengage and Hachette asserted that they are "major publishers" that "possess information, resources, and institutional knowledge essential to prosecuting the case, managing discovery, and ultimately structuring any resolution."  *Id.* at 12.  Moreover, the Plaintiffs seeking to intervene in *Google* filed a proposed class action complaint, alleging that venue was proper in the Northern District of California because "Defendant resides in this District and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the District, including Defendant's copyright infringement and commercialization of its Gemini Models."  *Google*, ECF No. 342-1 ¶ 19.  There are no apparent distinctions in the relevant facts in that case as compared to this one: Google, like Meta, is a company that has developed AI models with its headquarters in Northern California.  As outlined above, many of the witnesses in the case affiliated with Meta (both current

---

[4] As to familiarity with governing law, federal courts throughout the country are equally capable of applying the federal copyright laws at issue here.  This factor is therefore neutral to the Court's analysis.

**Dunn Isaacson Rhee LLP**
www.dirllp.com
401 9th Street, NW
Washington, DC 20004
(202) 240-2900

5

# Dunn Isaacson Rhee

and former employees) were based in Northern California when carrying out their work in relation to the development of AI models.

In sum, the balance of convenience and interests of efficiency and justice weigh in favor of transfer to California.  There is no basis for Cengage and Hachette's irreconcilable stance that venue is most appropriate in Northern California with respect to their claims against Google but that New York is somehow a more appropriate venue with respect to their claims against Meta.

*No Special Circumstances Overcome the Strong First-Filed Presumption*

The "special circumstances" that qualify for an exception to the first-filed rule are "quite rare," as the Second Circuit has "identified only a limited number of such circumstances." *Emps. Ins. of Wausau*, 522 F.3d at 275.  One such circumstance is when "the first-filed lawsuit is an improper anticipatory declaratory judgment action" that was "filed in response to a direct threat of litigation that gives specific warnings as to deadlines and subsequent legal action." *Id.* at 275–76.  A second such circumstance is "where forum shopping *alone* motivated the choice of situs for the first suit." *Id.* at 276 (quoting *William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969)) (emphasis in original).  Forum shopping only qualifies when it is accompanied by "manipulative or deceptive behavior" or if the "ties between the litigation and the first forum [are] tenuous or de minimis." *Id.*  Neither circumstance applies here.  None of the first-filed cases are declaratory judgment actions or responses to threats of litigation.  Nor were any of the cases filed in the Northern District of California as a result of pure forum shopping.  Therefore, no exceptions to the first-filed rule apply here.

## Transfer Is Proper Under Section 1404 Even if the First-Filed Rule Were Not Applied

Even if this Court were to find the first-filed rule inapplicable, transfer of this case under 28 U.S.C. § 1404(a) would still be warranted.  Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."  Courts analyzing section 1404(a) motions engage in a "two-part inquiry," first analyzing whether the action may have been brought in the transferee court and then analyzing whether transfer is appropriate "considering the convenience of the parties and witnesses, and the interest of justice." *Eve Sales*, 2025 WL 606497, at *3 (quoting *Wang*, 2014 WL 116220, at *2).

Regarding the first inquiry, the Northern District of California is a forum where this action could have been initially brought, as it is where Meta is headquartered, and where five related actions are currently pending.  For the second inquiry, courts consider factors "substantially identical" to those analyzed as part of the "balance of convenience" test, conducting one analysis to resolve both the balance of convenience exception to the first-filed rule and the appropriateness of transfer under section 1404. *Id.* at *5.  For the reasons described above, these factors weigh in favor of transfer.

Moreover, when considering transfer under section 1404(a), courts "consistently recognize that the existence of a related action in the transferee district is a strong factor to be weighed with regard

**Dunn Isaacson Rhee LLP**
www.dirllp.com
401 9th Street, NW
Washington, DC 20004
(202) 240-2900

DIR

6

# Dunn Isaacson Rhee

to judicial economy" and that "it can be decisive." *McGraw-Hill Cos. v. Jones*, No. 12-cv-7085-AJN, 2014 WL 988607, at \*10 (S.D.N.Y. Mar. 12, 2014) (quoting *Brown v. New York*, 947 F. Supp. 2d 317, 325–26 (E.D.N.Y. 2013)); *see also APA Excelsior III L.P. v. Premiere Techs., Inc.*, 49 F. Supp. 2d 664, 668 (S.D.N.Y. 1999) ("It is well established that the existence of a related action pending in the transferee court weighs heavily towards transfer."). This is because "the benefits of consolidating related cases in a common forum are often substantial," including the advancement of "the strong policy interests of achieving efficient pretrial discovery, avoiding duplicative litigation, and avoiding inconsistent results." *Eve Sales*, 2025 WL 606497, at \*6 (quoting *Allied World Surplus Lines Ins. Co. v. Elamex USA, Corp.*, No. 23-cv-9992-LJL, 2024 WL 2212948, at \*9 (S.D.N.Y. May 16, 2024)). Thus, even if the first-filed rule were deemed to not apply here, transfer of this action to the Northern District of California under section 1404(a) is warranted and would advance each of these policy interests.

## Proposed Briefing Schedule and Other Case Deadlines

The parties conferred and jointly request that, if the Court permits briefing, Plaintiffs may file an opposition within 21 days after Meta files its motion to transfer, and Meta may file a reply 10 days after Plaintiffs' opposition is filed.

To conserve the resources of the Court and the parties, Meta respectfully requests that its responsive pleading deadline and the initial conference be stayed until after the Court's resolution of the anticipated motion to transfer. Meta has sought Plaintiffs' consent to this request, which Plaintiffs are considering. Meta's deadline to respond to the Complaint is currently July 13, 2026, and the initial conference is currently scheduled for July 27, 2026. Meta proposes that within one week of this Court's ruling on the motion to transfer, the parties confer and propose a schedule including (a) a deadline for Defendants to respond to the Complaint and (b) a new date for the initial conference. *See, e.g., Erickson v. Corinthian Colleges, Inc. et al.*, No. 1:13-cv-04308-PKC (S.D.N.Y.), ECF Nos. 14, 18 (staying defendant's deadline to respond to the complaint until after motion to transfer was resolved, and adjourning initial conference due to pending motion to transfer). The Court previously granted Meta's unopposed request to extend its time to respond to the Complaint to align with Mr. Zuckerberg's deadline to respond and to postpone the initial conference until after that date. ECF No. 41. Meta has not sought any other prior adjournment or extension of its time to respond to the Complaint.

Respectfully submitted,

*/s/ Jenifer N. Hartley*
Karen L. Dunn (*S.D.N.Y. Application Forthcoming*)
Jenifer N. Hartley (N.Y. Bar No. 5943774)

cc: All counsel of record (via ECF)

Dunn Isaacson Rhee LLP
www.dirllp.com
401 9th Street, NW
Washington, DC 20004
(202) 240-2900