DUNN ISAACSON RHEE LLP
KAREN L. DUNN (*S.D.N.Y. application pending*)
kdunn@dirllp.com
JESSICA E. PHILLIPS (*pro hac vice*)
jphillips@dirllp.com
KYLE N. SMITH (*S.D.N.Y. application pending*)
ksmith@dirllp.com
JENIFER N. HARTLEY (5943774)
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900

COOLEY LLP
MARK R. WEINSTEIN (*pro hac vice*)
mweinstein@cooley.com
ELIZABETH L. STAMESHKIN (*pro hac vice*)
lstameshkin@cooley.com
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000

PHILLIP MORTON (*pro hac vice*)
pmorton@cooley.com
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800

*Counsel for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

ELSEVIER, INC., et al.,

Plaintiffs,

v.

META PLATFORMS, INC., et al.,

Defendants.

Case No. 1:26-cv-03689-PKC

**DEFENDANT META PLATFORMS, INC.'S ANSWER TO THE COMPLAINT**

Action Filed: May 5, 2026

Judge: P. Kevin Castel

Defendant Meta Platforms, Inc. ("Meta"), by and through counsel, hereby responds to the Complaint filed by Plaintiffs ("Elsevier"), Cengage Learning, Inc. ("Cengage"), Hachette Book Group, Inc. ("Hachette"), Macmillan Publishing Group, LLC d/b/a Macmillan Publishers ("Macmillan"), McGraw Hill LLC ("McGraw Hill") (collectively, "Publishers"); and Scott Turow and S.C.R.I.B.E., Inc. (collectively "Turow," and with Publishers, "Plaintiffs"). To the extent that the introductory paragraph to the Complaint contains any factual allegations that require a response, Meta denies those allegations. For allegations which refer collectively to "Defendants" on a group-pleading basis, Meta only answers as to Meta. As to group-pleading allegations intended to relate to co-defendant Mark Zuckerberg ("Zuckerberg"), Meta refers Plaintiff to any response to the complaint subsequently submitted by Mr. Zuckerberg.

## NATURE OF THE CASE[1]

1. Meta admits that it has created a series of generative AI large language models ("LLMs") under the name Llama. Except as expressly admitted, Meta denies the allegations in Paragraph 1.

2. Meta denies the allegations in Paragraph 2.

3. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, including any implication of the validity of Plaintiffs' and the Class's claimed copyrights. To the extent Footnote 1 summarizes or characterizes the Copyright Act, the Act speaks for itself.

4. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

[1] Meta includes headings as listed in the Complaint for convenience only, and denies any allegations therein.

6. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. Meta denies the allegations in Paragraph 7.

8. To the extent this Paragraph pertains specifically to Meta, Meta admits that it has created a series of LLMs under the name Llama, and that Llama is an acronym of "Large Language Model Meta AI." Meta admits that some of its Llama models have been trained using training datasets composed of large amounts of text data and that data can be used to pretrain and finetune its Llama models and to assess the general knowledge and expressive abilities of models. Meta further admits that its Llama models can create text outputs in response to user prompts. Except as expressly admitted, Meta denies the allegations in Paragraph 8. To the extent Paragraph 8 pertains generally to LLMs and not any particular generative AI technologies of Meta, Meta lacks knowledge and information sufficient to form a belief as to the truth of those allegations.

9. The allegations in Paragraph 9 state legal conclusions to which no response is required. To the extent a response is required, Meta admits that Plaintiffs and the Class purport to own copyrights in the works they are asserting in this action. Meta admits it downloaded portions of publicly available datasets through direct download and by torrenting for training its Llama models. Meta further admits that it has used web crawlers to download publicly available data available on publicly accessible websites for training its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 9. Meta objects to the definition of "Llama Models" in Footnote 2, which purports to cover "all versions, iterations, and relatives of Llama…including Llama 1, Code Llama, Llama 2, Llama 3, Llama 3.1, Llama 3.2, Llama 3.3, Llama 4, and Muse Spark," and on that basis denies same. Plaintiffs use both the defined term "Llama Models" and the undefined term "Llama models" throughout the Complaint. For the

avoidance of doubt, Meta's understanding is that Plaintiffs intentionally chose to use the defined term in certain instances and intentionally chose to use the undefined term in other instances. Meta responds to each allegation accordingly. Meta further objects to the definition of "Llama Products," which purports to cover "all versions, iterations, and relatives of products that incorporate, rely on, or otherwise use the Llama Models," and on that basis denies same.

10. Meta denies the allegations in Paragraph 10.

11. Meta denies the allegations in Paragraph 11 pertaining to Meta. Meta lacks knowledge and information sufficient to form a belief as to allegations in Paragraph 11 pertaining to Plaintiffs, the Class, or third parties.

12. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 12.

13. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 13.

14. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta admits that it obtained data, including publicly available data, portions of which were utilized to research, develop, and train Meta's Llama or Muse Spark models. Except as expressly admitted, Meta denies the allegations in Paragraph 14. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 pertaining to Plaintiffs or the Class.

15. Meta admits that it contacted certain publishers and internally discussed licensing certain types of data to train its Llama models, that it has entered into some AI-related agreements and also, in some cases, ultimately decided to train its Llama models using publicly available data. Except as expressly admitted, Meta denies the allegations in Paragraph 15.

16. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta admits that it has done revenue projections related to its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 16. To the extent Plaintiffs purport to summarize or characterize statements made during Meta's Q4 2025 earnings call, a transcript of that call accessible at https://investor.atmeta.com/investor-events/event-details/2026/Q4-2025-Earnings-Call/default.aspx, the document speaks for itself.

17. The allegations in this paragraph contain recitations of Plaintiffs' stated litigation strategy and legal conclusions to which no response is required. To the extent a response is required, Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations related to Plaintiffs' intentions and motivations and denies all other allegations in Paragraph 17. To the extent Paragraph 17 summarizes or characterizes the Copyright Act, the Act speaks for itself.

## PARTIES

18. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Meta lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 22.

23. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. Meta admits that it is a Delaware corporation with its principal place of business in Menlo Park, California. Meta further admits that it operates a company that builds technology, including its Llama and Muse Spark series of LLMs, and that it has incorporated technology based on its Llama or Muse Spark models into some of its other products. Except as expressly admitted, Meta denies the allegations in Paragraph 25.

## JURISDICTION AND VENUE

26. Meta admits the allegations in Paragraph 26.

27. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Meta admits that this action purports to assert claims based upon the copyright laws of the United States, 17 U.S.C. § 101 et seq., and that the Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331and 1338(a), provided that standing and other requirements are met. Except as expressly admitted, Meta denies the allegations in Paragraph 27.

28. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 28.

29. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30. Meta denies the allegations in Paragraph 30. Meta lacks knowledge and

information sufficient to form a belief as to the truth of the allegations in Paragraph 30 pertaining to Plaintiffs and/or third parties.

31. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta does not dispute specific personal jurisdiction in the S.D.N.Y. for the purposes of this action only. Except as expressly admitted, Meta denies the allegations in Paragraph 31.

32. Meta admits that it has maintained offices in New York. Meta further admits that it has employees located in New York and has also posted job listings in New York. Meta admits that some employees that work on AI technology at Meta work in Meta's New York City offices. Except as expressly admitted, Meta denies the allegations in Paragraph 32.

33. Meta admits that it has employees located in New York and that certain of those employees worked on Meta's AI technology. Except as expressly admitted, Meta denies the allegations in Paragraph 33.

34. Meta admits that it has incorporated technology based on its Llama or Muse Spark models into some of its other products. Meta further admits that it has advertised its products in New York. Except as expressly admitted, Meta denies the allegations in Paragraph 34.

35. Meta admits that it co-hosted a "Llama 4 Hackathon NYC" in 2025. To the extent the allegations in this paragraph purport to summarize or characterize materials promoting the event at the webpage https://cerebralvalley.ai/e/llama-4-hackathon-nyc-f673085d, the webpage speaks for itself. Except as expressly admitted, Meta denies the allegations in Paragraph 35.

36. Meta admits that, starting in November 2025, it has run a "Meta Lab" pop-up store in New York City, and that Meta has participated in AI workshops in New York City. Except as expressly admitted, Meta denies the allegations in Paragraph 36.

37. Meta admits that, beginning with Llama 2, it has incorporated technology based on its Llama or Muse Spark models into its other products. Meta further admits that it has made statements concerning its AI initiatives and user engagement of its products. Except as expressly admitted, Meta denies the allegations in Paragraph 37.

38. Meta admits that customers in this State and District have purchased Meta products or services. Except as expressly admitted, Meta denies the allegations in Paragraph 38.

39. The allegations in Paragraph 39 state legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 39. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations pertaining to Zuckerberg's state of mind.

40. Meta admits that Mark Zuckerberg is the founder, chairman, CEO, and controlling shareholder of Meta. Meta further admits that certain employees have commented regarding the use of data sourced from certain websites to train its Llama models. To the extent the allegations in Paragraph 40 purport to summarize or characterize documents containing the quote "[a]fter a prior escalation to MZ," those documents speak for themselves. Except as expressly admitted, Meta denies the allegations in Paragraph 40 pertaining to Meta. Meta lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40.

41. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta admits that venue is proper in this judicial district as to Meta, though Meta maintains that this action ought to be transferred to the Northern District of California under the "first-filed" rule as well as pursuant to 28 U.S.C. §1404(a). ECF No. 60. Except as expressly admitted, Meta denies the allegations in Paragraph 41.

## COMMON FACTUAL ALLEGATIONS

### I. Publishers and Authors Foster the Creation and Lawful Exploitation of Written Works.

42. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 42. To the extent the allegations set forth in this paragraph purport to summarize Article I, Section 8 of the Constitution, it speaks for itself.

43. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 44, including any implication of the validity of Elsevier's claimed copyrights.

45. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 45, including any implication of the validity of Cengage's claimed copyrights.

46. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 46, including any implication of the validity of Hachette's claimed copyrights.

47. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 47, including any implication of the validity of Macmillan's claimed copyrights.

48. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 48, including any implication of the validity of McGraw Hill's claimed copyrights.

49. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 49, including any implication of the validity of Turow's claimed copyrights.

50. Meta lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 50.

51. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 51. To the extent the allegations in this paragraph purport to characterize or summarize the Constitution, that document speaks for itself.

52. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

53. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

54. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

55. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 56.

57. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

58. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 58.

59. The allegations in Paragraph 59 contain legal arguments to which no response is required. To the extent a response is required, Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 59.

## II. Defendants Needed Plaintiffs' and the Class's High-Quality Written Works to Win the AI Arms Race

60. Meta admits that it operates a for-profit company that builds technology, including platforms such as Facebook and Instagram. Meta further admits that its privacy policy provides information about how Meta may collect and process certain data. Except as expressly admitted, Meta denies the allegations in Paragraph 60.

61. Meta admits that it has invested money to develop its generative AI offerings. Meta further admits that some of its Llama and Muse Spark models have been trained using training datasets composed of large amounts of text data. Except as expressly admitted, Meta denies the allegations in Paragraph 61. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 61 pertaining to third parties.

62. Meta admits that Facebook Artificial Intelligence Research ("FAIR") was founded in 2013 to research AI technology, and that Dr. Yann LeCun joined FAIR that year. Meta further admits that it has invested money to develop its generative AI offerings, which include a series of LLMs under the name Llama. Except as expressly admitted, Meta denies the allegations in Paragraph 62. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 pertaining to third parties.

63. Meta admits that an employee commented on the nature of Zuckerberg's work and location of his desk. Except as expressly admitted, Meta denies the allegations in Paragraph 63.

64. To the extent Paragraph 64 pertains generally to generative AI or LLMs and not any particular Meta generative AI model, Meta lacks knowledge and information sufficient to form a belief as to the truth of those allegations. To the extent this paragraph is intended to pertain specifically to Meta, Meta admits that some of its Llama and Muse Spark models have been trained using training datasets composed of large amounts of text data and that data can be used to pretrain and finetune its Llama and Muse Spark models and to assess the general knowledge and expressive abilities of models. Except as expressly admitted, Meta denies the allegations in Paragraph 64.

65. To the extent Paragraph 65 pertains generally to LLMs and not any particular Meta generative AI models, Meta lacks knowledge and information sufficient to form a belief as to the truth of those allegations. To the extent this paragraph is intended to pertain specifically to Meta, Meta admits that some of its Llama and Muse Spark models have been trained using training datasets composed of large amounts of text data and that data can be used to pretrain and finetune Llama and Muse Spark and to assess the general knowledge and expressive abilities of its Llama

and Muse Spark models. Meta further admits that its Llama and Muse Spark models can create text outputs in response to user prompts. Except as expressly admitted, Meta denies the allegations in Paragraph 65.

66. Meta admits that some of its Llama and Muse Spark models have been trained using training datasets composed of large amounts of text data and that data can be used to pretrain and finetune its Llama and Muse Spark models and to assess the general knowledge and expressive abilities of those models. Except as expressly admitted, Meta denies the allegations in Paragraph 66.

67. Meta admits that it publicly released the initial version of Llama in 2023. Meta further admits that it obtained publicly available data to research, develop, and train some of its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 67. To the extent the allegations set forth in this paragraph purport to summarize or characterize the paper "LLaMA: Open and Efficient Foundation Language Models" ("Llama 1 Paper"), accessible at https://arxiv.org/pdf/2302.13971, the document speaks for itself.

68. As Paragraph 68 pertains generally to LLMs and generative AI and not any particular LLMs or generative AI technologies of Meta, Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 68. Meta further lacks knowledge and information sufficient to form a belief as to the truth of the allegations pertaining to third parties.

69. Meta admits that certain of its employees commented on the use of books data, among other materials, to train Meta's Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 69.

70. Meta admits that it obtained publicly available data to research, develop, and train its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 70.

## III. Defendants Infringed Plaintiffs' and the Class's Copyrights to Source Content for and to Train Llama

### A. Defendants Illegally Copied Plaintiffs' and the Class's Works from Known Pirate Sites and from Behind Paywalls to Source Content for Llama's Initial Training Materials.

71. Meta admits that it obtained data from publicly available sources such as CommonCrawl, and that this data was used to develop and train some of its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 71 pertaining to Meta. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 71 pertaining to third parties.

72. The allegations in Paragraph 72 state legal conclusions to which no response is required. To the extent a response is required, Meta admits that it obtained data from publicly available sources such as CommonCrawl. Except as expressly admitted, Meta denies the allegations in Paragraph 72, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights.

73. Meta admits that it obtained data from publicly available sources such as CommonCrawl, and that this data was used to develop and train some of its Llama models. Meta further admits that it has removed repetitive text from certain training data for certain of its LLMs. To the extent the allegations set forth in this paragraph purport to summarize or characterize the paper "CCNet: Extracting High Quality Monolingual Datasets from Web Crawl Data" ("CCNet Paper"), accessible at https://arxiv.org/pdf/1911.00359, the document speaks for itself. Except as expressly admitted, Meta denies the allegations in Paragraph 73, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights.

74. Meta admits that it obtained data from publicly available sources such as CommonCrawl, and that this data was used to develop and train some of its Llama or Muse Spark models. Meta further admits that it has removed repetitive text from certain training data for certain of its LLMs. Except as expressly admitted, Meta denies the allegations in Paragraph 74, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights.

75. Meta admits that it has removed repetitive text from certain training data for certain of its LLMs. Except as expressly admitted, Meta denies the allegations in Paragraph 75, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights.

76. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76.

77. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77.

78. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78.

79. Meta denies the allegations in Paragraph 79, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 pertaining to Plaintiffs, the Class or third parties.

80. Meta admits that it obtained data from publicly available sources such as CommonCrawl, and that this data was used to develop and train its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 80, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights.

81. The allegations in Paragraph 81 state legal conclusions to which no response is required. To the extent the allegations set forth in this paragraph purport to summarize or characterize the paper "LLaMA: Open and Efficient Foundation Language Models" ("Llama 1 Paper"), accessible at https://arxiv.org/pdf/2302.13971, the document speaks for itself. Except as expressly admitted, Meta denies the allegations in Paragraph 81, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights.

**B. Defendants Illegally Copied Plaintiffs' and the Class's Works from Known Pirate Sites and from Behind Paywalls to Source Content for Llama's Initial Training Materials.**

82. Meta admits that it contacted certain publishers, internally discussed licensing

certain types of data to train its Llama models, and ultimately decided to train some of its Llama models using publicly available data. Meta admits that it obtained data from publicly available sources such as LibGen, Anna's Archive, and SciHub, for purposes of developing and training some of its Llama models. Meta further admits that it downloaded portions of certain publicly available datasets through direct download and by torrenting. Except as expressly admitted, Meta denies the allegations in Paragraph 82, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights.

83. To the extent the allegations in Paragraph 83 contain a general description of "shadow libraries," no response is required. To the extent this paragraph pertains to Meta, Meta admits that it downloaded portions of certain publicly available datasets through direct download and by torrenting. Except as expressly admitted, Meta denies the allegations in Paragraph 83, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 83 pertaining to third parties.

84. The allegations in this paragraph contain a description of "torrenting" and legal conclusions to which no response is required. To the extent this paragraph is intended to pertain specifically to Meta, Meta admits it downloaded portions of publicly available datasets through direct download and by torrenting. Except as expressly admitted, Meta denies the allegations in Paragraph 84.

85. The allegations in this paragraph contain a general description of "torrenting" and legal conclusions to which no response is required. To the extent a response is required, Meta admits it downloaded portions of publicly available datasets through direct download and by torrenting. Except as expressly admitted, Meta denies the allegations in Paragraph 85. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 85 pertaining to third parties.

86. To the extent this paragraph is intended to pertain specifically to Meta, Meta admits it downloaded portions of publicly available datasets through direct download and by

torrenting. Except as expressly admitted, Meta denies the allegations in Paragraph 86. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 86 pertaining to third parties.

87. The allegations in this paragraph contain legal arguments and conclusions to which no response is required. To the extent a response is required, Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87.

88. Meta admits that data from LibGen was downloaded in or about October 2022. Meta admits that it contacted certain publishers, internally discussed licensing certain types of data to train its Llama models, and ultimately decided to train some of its Llama models using publicly available data. Meta further admits that certain of its employees commented regarding the use of data sourced from certain websites to train certain of its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 88. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 pertaining to third parties.

89. The allegations in Paragraph 89 state legal conclusions to which no response is required. To the extent a response is required, Meta admits that it downloaded portions of certain publicly available datasets, including LibGen, through direct download and by torrenting. Except as expressly admitted, Meta denies the allegations in Paragraph 89, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights.

90. Meta admits that data from LibGen was downloaded in or about October 2022. Meta further admits that data from LibGen was downloaded in or around spring 2023 and used to develop and train certain of Meta's Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 90, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights.

91. Meta admits that it trained some of its Llama models using data that was included in Books3. Except as expressly admitted, Meta denies the allegations in Paragraph 91. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in

Paragraph 91 pertaining to third parties.

92. Meta admits that the Llama 1 Paper discusses data used to train Llama 1. Meta further admits that certain of its employees commented regarding the use of data sourced from certain websites to train certain of its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 92.

93. Meta admits that it contacted certain publishers, internally discussed licensing certain types of data to train its Llama models, and ultimately, in some cases, decided to train its Llama models using publicly available data. Except as expressly admitted, Meta denies the allegations in Paragraph 93.

94. Meta admits that it contacted certain publishers, internally discussed licensing certain types of data to train its Llama models, and ultimately decided to train some of its Llama models using publicly available data. Meta admits that certain of its employees commented regarding the use of data sourced from certain websites to train certain Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 94.

95. Meta admits that it contacted certain publishers, internally discussed licensing certain types of data to train its Llama models, and ultimately decided to train some of its Llama models using publicly available data. Meta further admits that data from LibGen was downloaded in or around spring 2023 and used to develop and train certain of Meta's Llama models. To the extent Paragraph 95 purports to characterize or summarize the testimony of Nikolay Bashlykov, a Meta employee, the testimony speaks for itself. Except as expressly admitted, Meta denies the allegations in Paragraph 95.

96. Meta admits that in 2023 it downloaded data from LibGen through direct download and by torrenting, and that data was used to develop and train certain of Meta's Llama models. Meta further admits that certain of its employees commented regarding the use of data sourced from certain websites to train certain Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 96.

97. The allegations in Paragraph 97 state legal conclusions to which no response is

required. To the extent a response is required, Meta admits that it obtained data from Anna's Archive in 2024. Meta further admits that it downloaded portions of certain publicly available datasets through direct download and by torrenting for purposes of developing and training its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 97.

98. Meta admits that it obtained data from publicly available sources such as Anna's Archive. Except as expressly admitted, Meta denies the allegations in Paragraph 98, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 98 pertaining to third parties.

99. Meta admits that it downloaded portions of certain publicly available data sets through direct download and by torrenting. Meta further admits that, during the course of its downloading of certain portions of publicly available datasets via torrenting, some data was uploaded. Except as expressly admitted, Meta denies the allegations in Paragraph 99.

100. Meta admits that certain of its employees commented regarding the use of data sourced from certain websites to train certain Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 100.

101. Meta admits that certain of its employees commented regarding the use of data sourced from certain websites to train certain Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 101.

102. Meta admits that it downloaded certain portions of publicly available datasets through direct download and by torrenting. Except as expressly admitted, Meta denies the allegations in Paragraph 102. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 102 pertaining to unidentified "other Meta executives."

103. The allegations in Paragraph 103 state legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 103.

104. The allegations in Paragraph 104 state legal conclusions to which no response is

required. To the extent a response is required, Meta admits that it downloaded portions of certain publicly available data sets through direct download and by torrenting. Meta further admits that it used many different types of publicly available data to research, develop, and train its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 104.

105. Meta admits that it used many different types of publicly available data to research, develop, and train its Llama and Muse Spark models. Meta admits that some of its Llama and Muse Spark models have been trained using training datasets composed of large amounts of text data and that data can be used to pretrain and finetune its Llama and Muse Spark models and to assess the general knowledge and expressive abilities of models. Except as expressly admitted, Meta denies the allegations in Paragraph 105.

106. Meta admits that some of its Llama and Muse Spark models have been trained using training datasets composed of large amounts of text data. Except as expressly admitted, Meta denies the allegations in Paragraph 106.

107. Meta denies the allegations in Paragraph 107.

### C. Defendants Made and Continue to Make Additional Unauthorized Copies of Plaintiffs' and the Class's Books and Articles When Creating Training Sets for Llama.

108. The allegations in Paragraph 108 state legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 108. To the extent the allegations in Paragraph 108 purport to summarize or characterize documents by the U.S. Patent and Trademark Office, those documents speak for themselves.

109. The allegations in Paragraph 109 state legal conclusions to which no response is required. To the extent a response is required, Meta admits that it made copies of text data for the purposes of developing and training certain of its Llama and Muse Spark models, and that it has removed repetitive text from certain training data for certain of its LLMs. Except as expressly admitted, Meta denies the allegations in Paragraph 109.

110. The allegations in Paragraph 110 state legal conclusions to which no response is

required. To the extent a response is required, Meta admits that it made copies of text data for the purposes of developing and training certain of its Llama and Muse Spark models, and that it has removed repetitive training data for certain of its LLMs. Except as expressly admitted, Meta denies the allegations in Paragraph 110.

111. The allegations in this paragraph contain general descriptions of "tokenization" and legal conclusions to which no response is required. To the extent a response is required, Meta admits that it obtained data from publicly available sources for purposes of developing and training certain of its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 111. To the extent Paragraph 111 summarizes or characterizes the Copyright Act, the Act speaks for itself.

112. Meta denies the allegations in Paragraph 112 pertaining to Meta. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 112 pertaining to third parties.

113. Meta admits that some of its Llama models have been trained using training datasets composed of large amounts of text data. Meta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 113, which pertain to Plaintiffs' prompts to Meta's Llama model concerning Scott Turow's Presumed Innocent.

114. The allegations in Paragraph 114 state legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 114, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights.

**D. Meta Removed and/or Altered Copyright Management Information From Plaintiffs' And The Class's Works To Conceal Its Infringement**

115. The allegations in Paragraph 115 state legal conclusions to which no response is required. To the extent a response is required, Meta admits that it has removed repetitive text from certain training data for certain of its LLMs. Except as expressly admitted, Meta denies the allegations in Paragraph 115, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights.

116. The allegations in Paragraph 116 state legal conclusions to which no response is required. To the extent a response is required, Meta admits that it created a script to remove repetitive text from the training data for certain of its LLMs. Except as expressly admitted, Meta denies the allegations in Paragraph 116, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights.

117. The allegations in Paragraph 117 state legal conclusions to which no response is required. To the extent a response is required, Meta admits that it has removed repetitive text from certain training data for certain of its LLMs, and that certain of its employees commented regarding the use of data sourced from certain websites to train certain Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 117, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights.

118. The allegations in Paragraph 118 state legal conclusions to which no response is required. To the extent a response is required, Meta admits that it has removed repetitive text from certain training data for certain of its LLMs. Except as expressly admitted, Meta denies the allegations in Paragraph 118, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights.

119. The allegations in Paragraph 119 state legal conclusions to which no response is required. To the extent a response is required, Meta admits that it has removed repetitive text from certain training data for certain of its LLMs. Except as expressly admitted, Meta denies the allegations in Paragraph 119, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights.

### E. Defendants Infringed Registered Works Owned or Controlled by Plaintiffs and the Class, Including the Sample Works.

120. The allegations in Paragraph 120 state legal conclusions to which no response is required. To the extent a response is required, Meta admits that Plaintiff Elsevier purports to own registered copyrights in the works at issue in this action. Meta further admits that it did not obtain a license for the use of works Plaintiffs or the Class are asserting in this action. Except as expressly

admitted, Meta denies the allegations in Paragraph 120, including any implication of the validity of Plaintiffs' and the Class's claimed copyrights.

121. The allegations in Paragraph 121 state legal conclusions to which no response is required. To the extent a response is required, Meta admits that Plaintiff Cengage purports to own registered copyrights in the works at issue in this action. Meta further admits that it did not obtain a license for the use of works Plaintiffs or the Class are asserting in this action. Except as expressly admitted, Meta denies the allegations in Paragraph 121, including any implication of the validity of Plaintiffs or the Class's claimed copyrights.

122. The allegations in Paragraph 122 state legal conclusions to which no response is required. To the extent a response is required, Meta admits that Plaintiff Hachette purports to own registered copyrights in the works at issue in this action. Meta further admits that it did not obtain a license for the use of works Plaintiffs or the Class are asserting in this action. Except as expressly admitted, Meta denies the allegations in Paragraph 122, including any implication of the validity of Plaintiffs' and the Class's claimed copyrights.

123. The allegations in Paragraph 123 state legal conclusions to which no response is required. To the extent a response is required, Meta admits that Plaintiff Macmillan purports to own registered copyrights in the works at issue in this action. Meta further admits that it did not obtain a license for the use of works Plaintiffs or the Class are asserting in this action. Except as expressly admitted, Meta denies the allegations in Paragraph 123, including any implication of the validity of Plaintiffs' and the Class's claimed copyrights.

124. The allegations in Paragraph 124 state legal conclusions to which no response is required. To the extent a response is required, Meta admits that Plaintiff McGraw Hill purports to own registered copyrights in the works at issue in this action. Meta further admits that it did not obtain a license for the use of works Plaintiffs or the Class are asserting in this action. Except as expressly admitted, Meta denies the allegations in Paragraph 124, including any implication of the validity of Plaintiffs' and the Class's claimed copyrights.

125. The allegations in Paragraph 125 state legal conclusions to which no response is

required. To the extent a response is required, Meta admits that Plaintiffs purports to own registered copyrights in the works at issue in this action. Meta further admits that it did not obtain a license for the use of works Plaintiffs or the Class are asserting in this action. Except as expressly admitted, Meta denies the allegations in Paragraph 125, including any implication of the validity of Plaintiffs' and the Class's claimed copyrights.

126. The allegations in Paragraph 126 state legal conclusions to which no response is required. To the extent a response is required, Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 126 or as to the content of Exhibit A, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights.

127. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 127 pertaining to Meta. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations related to Plaintiffs' intentions.

## IV. Defendants' Infringement Harmed and Continues to Harm Plaintiffs and the Class.

### A. Defendants' infringement displaces legitimate sales.

128. The allegations in Paragraph 128 state legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 128 pertaining to Meta. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 128 concerning Plaintiffs, the Class, or third parties.

### B. Defendants' infringement usurps the licensing market.

129. The allegations in Paragraph 129 state legal conclusions to which no response is required. To the extent a response is required, Meta admits that it obtained data from publicly available sources for purposes of developing and training certain of its Llama models. Meta further admits that it did not obtain a license for the use of works Plaintiffs or the Class are asserting in this action. Except as expressly admitted, Meta denies the allegations in Paragraph

129 pertaining to Meta. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 129 concerning Plaintiffs or the Class.

130. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 130.

131. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 131.

132. Meta admits that it has entered into AI-related agreements with certain companies. Meta further admits that it contacted certain publishers and internally discussed licensing certain types of data to train its Llama models and ultimately, in some cases, decided to train the Llama models using publicly available data. Except as expressly admitted, Meta denies the allegations in Paragraph 132.

133. Meta denies the allegations in Paragraph 133.

134. The allegations in Paragraph 134 state legal conclusions and arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 134.

**C. The Llama Models generate outputs that substitute for copyrighted works.**

135. The allegations in Paragraph 135 state legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 135.

136. Meta admits that its Llama models can create text outputs in response to user prompts. Meta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 136, which pertain to Plaintiffs' prompts to Meta's Llama models concerning Cengage's purported work.

137. Meta admits that its Llama models can create text outputs in response to user prompts. Meta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 137, which pertain to Plaintiffs' prompts to Meta's Llama models concerning Cengage's purported work.

138. Meta admits that its Llama models can create text outputs in response to user prompts. Except as expressly admitted, Meta denies the allegations in Paragraph 138.

139. The allegations in Paragraph 139 contain legal arguments to which no response is required. To the extent a response is required Meta admits that its Llama models can create text outputs in response to user prompts. Meta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 139, which pertain to Plaintiffs' prompts to Meta's Llama models concerning Elsevier's purported work.

140. The allegations in Paragraph 140 contain legal arguments to which no response is required. To the extent a response is required, Meta admits that its Llama models can create text outputs in response to user prompts. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 pertaining to Plaintiffs' prompts to Meta's Llama models concerning Elsevier's purported work. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 140 pertaining to third parties.

141. The allegations in Paragraph 141 contain legal arguments to which no response is required. To the extent a response is required, Meta admits that its Llama models can create text outputs in response to user prompts. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 pertaining to Plaintiffs' prompts to Meta's Llama models concerning Schwab's purported work. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 141 pertaining to third parties.

142. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 142, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights.

143. The allegations in Paragraph 143 contain legal arguments to which no response is required. To the extent a response is required, Meta admits that its Llama models can create text outputs in response to user prompts. Meta lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in Paragraph 143, which pertain to Plaintiffs' prompts to Meta's Llama models concerning Day's purported work.

144. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144.

145. The allegations in Paragraph 145 contain legal arguments to which no response is required. To the extent a response is required, Meta admits that its Llama models can create text outputs in response to user prompts. Meta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 145, which pertain to Plaintiffs' prompts to Meta's Llama models concerning Elsevier's purported work.

146. The allegations in Paragraph 146 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta admits that its Llama models can create text outputs in response to user prompts. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 pertaining to third parties.

147. The allegations in Paragraph 147 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 147. To the extent the allegations set forth in this paragraph purport to summarize or characterize a filing or opinion in *Kadrey v. Meta Platforms, Inc.,* Case No. 3:23-cv-03417-VC (N.D. Cal.), the document speaks for itself. To the extent the allegations in Paragraph 147 purport to summarize or characterize documents by the U.S. Copyright Office, those documents speak for themselves.

148. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 148.

149. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 149.

150. The allegations in Paragraph 150 contain legal arguments to which no response is required. To the extent a response is required, Meta admits that its Llama models can create text outputs in response to user prompts. Meta lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in Paragraph 150, which pertain to Hachette's purported works and to Plaintiffs' prompts to Meta's Llama models concerning Hachette's purported works.

151. The allegations in Paragraph 151 contain legal arguments to which no response is required. To the extent a response is required, Meta admits that its Llama models can create text outputs in response to user prompts. Meta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 151, which pertain to Plaintiffs' prompts to Meta's Llama models concerning Hachette and Lomax's purported works.

152. The allegations in Paragraph 152 contain legal arguments to which no response is required. To the extent a response is required, Meta admits that its Llama models can create text outputs in response to user prompts. Meta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 152, which pertain to Plaintiffs' prompts to Meta's Llama models concerning Hachette and Lomax's purported works.

153. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153.

154. The allegations in this paragraph contain legal arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 154.

155. The allegations in Paragraph 155 contain legal arguments to which no response is required. To the extent a response is required, Meta admits that its Llama models can create text outputs in response to user prompts. Except as expressly admitted, Meta denies the allegations in Paragraph 155. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 pertaining to Plaintiffs' prompts to Meta's Llama models concerning McGraw Hill's purported work.

156. The allegations in Paragraph 156 contain hypotheticals and legal arguments to which no response is required. To the extent a response is required, Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 156 pertaining to third parties.

157. The allegations in Paragraph 157 contain legal arguments or conclusions to which no response is required. To the extent a response is required, Meta admits that its Llama models can create text outputs in response to user prompts. Except as expressly admitted, Meta denies the allegations in Paragraph 157. Meta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 157, which pertain to Plaintiffs' prompts to Meta's Llama models concerning Scott Turow's work.

158. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 158.

159. Meta denies the allegations in Paragraph 159. To the extent the allegations set forth in this paragraph purport to summarize or characterize statements made by Meta on its "About AI at Meta" and "Transparency Center" webpages, located at https://ai.meta.com/about/ and https://transparency.meta.com/, those webpages speak for themselves.

160. The allegations in Paragraph 160 state legal conclusions to which no response is required. To the extent a response is required, Meta admits that it has removed repetitive text from certain training data for certain of its LLMs. Except as expressly admitted, Meta denies the allegations in Paragraph 160, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights.

### V. Meta and Zuckerberg Profit from Their Exploitation of Plaintiffs' and the Class's Works.

161. Meta admits that it has released a series of LLMs under the name Llama and that, beginning with Llama 2, it has incorporated technology based on its Llama or Muse Spark models into some of its other products, including WhatsApp, Instagram, Messenger, and Facebook. Except as expressly admitted, Meta denies the allegations in Paragraph 161.

162. Meta admits that it has done revenue projections related to its AI offerings. Meta further admits that it has released a series of LLMs under the name Llama and that, beginning with Llama 2, it has incorporated technology based on its Llama or Muse Spark models into some of its other products, including WhatsApp, Instagram, Messenger, and Facebook. Except as

expressly admitted, Meta denies the allegations in Paragraph 162. To the extent Plaintiffs purport to summarize or characterize statements made during Meta's Q4 2025 earnings call, accessible at https://investor.atmeta.com/investor-events/event-details/2026/Q4-2025-Earnings-Call/default.aspx, the document speaks for itself.

163. Meta admits that it has released a series of LLMs under the name Llama and that, beginning with Llama 2, it has incorporated technology based on its Llama or Muse Spark models into some of its other products, including Instagram, Facebook, and Meta smart glasses. Meta further admits that it has entered into agreements with certain partners regarding certain of Meta's Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 163.

164. Meta admits that it has done revenue projections related to its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 164. To the extent Plaintiffs purport to summarize or characterize statements made during Meta's Q1 2024 earnings call, accessible at https://investor.atmeta.com/investor-events/event-details/2024/Q1-2024-Earnings-Call/default.aspx, the document speaks for itself.

165. Meta denies the allegations in Paragraph 165.

166. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 166.

**CLASS ALLEGATIONS**

167. The allegations in Paragraph 167 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies that this action is suitable for class treatment under Rule 23.

168. The allegations in Paragraph 168 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies that this action is suitable for class treatment under Rule 23.

169. The allegations in Paragraph 169 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies that it possesses information concerning the exact number of members of Plaintiffs' putative class. Meta lacks

knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 169.

170. The allegations in Paragraph 170 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies that this action is suitable for class treatment under Rule 23.

171. The allegations in Paragraph 171 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 171.

172. The allegations in Paragraph 172 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 172.

173. The allegations in Paragraph 173 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 173.

174. The allegations in Paragraph 174 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies that this action is suitable for class treatment under Rule 23.

175. The allegations in Paragraph 175 contain Plaintiffs' stated litigation strategy or arguments to which no response is required. To the extent a response is required, Meta denies that this action is suitable for class treatment under Rule 23.

## COUNT I
## Direct Copyright Infringement by Torrenting
## Violations of the Copyright Act, 17 U.S.C. §§ 106(1) and 501 – Reproduction
## (On behalf of Plaintiffs and the Class against Defendants Meta and Zuckerberg)

176. Meta incorporates by reference its responses to Paragraphs 1 through 175 above as though fully set forth herein.

177. The allegations in Paragraph 177 state legal conclusions or arguments to which no

response is required. To the extent a response is required, Meta denies the allegations in Paragraph 177.

178. The allegations in Paragraph 178 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 178.

179. Meta admits that Plaintiff purports to own registered copyrights in the works at issue in this action. Except as expressly admitted, Meta denies the allegations in Paragraph 179, including any implication of the validity of Plaintiffs' and the Class's claimed copyrights.

180. The allegations in Paragraph 180 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 180.

181. The allegations in Paragraph 181 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 181.

182. The allegations in Paragraph 182 state legal conclusions and recitations of the relief sought by Plaintiffs and the Class to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 182, denies that the relief sought is appropriate, and denies that Plaintiffs and the Class are entitled to any relief in this action.

183. The allegations in Paragraph 183 state legal conclusions and recitations of the relief sought by Plaintiffs and the Class to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 183, denies that the relief sought is appropriate, and denies that Plaintiffs and the Class are entitled to any relief in this action.

184. The allegations in Paragraph 184 state legal conclusions and recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate and denies that Plaintiffs and the Class are entitled to any relief in this action.

**COUNT II**

**Violations of the Copyright Act, 17 U.S.C. §§ 106(1) and 501 – Reproduction**
**(On behalf of Plaintiffs and the Class against Defendants Meta and Zuckerberg)**

185. Meta incorporates by reference its responses to Paragraphs 1 through 184 above as though fully set forth herein.

186. The allegations in Paragraph 186 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 186.

187. The allegations in Paragraph 187 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 187.

188. Meta admits that Plaintiff purports to own registered copyrights in the works at issue in this action. Except as expressly admitted, Meta denies the allegations in Paragraph 188, including any implication of the validity of Plaintiffs' and the Class's claimed copyrights.

189. The allegations in Paragraph 189 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 189.

190. The allegations in Paragraph 190 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 190.

191. The allegations in Paragraph 191 state legal conclusions and recitations of the relief sought by Plaintiffs and the Class to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 191, denies that the relief sought is appropriate, and denies that Plaintiffs and the Class are entitled to any relief in this action.

192. The allegations in Paragraph 192 state legal conclusions and recitations of the relief sought by Plaintiffs and the Class to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 192, denies that the relief sought is

appropriate, and denies that Plaintiffs and the Class are entitled to any relief in this action.

193. The allegations in Paragraph 193 state legal conclusions and recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate and denies that Plaintiffs and the Class are entitled to any relief in this action.

**COUNT III**
**Direct Copyright Infringement by Training**
**Violations of the Copyright Act, 17 U.S.C. §§ 106(1) and 501 – Reproduction**
**(On behalf of Plaintiffs and the Class against Defendants Meta and Zuckerberg)**

194. Meta incorporates by reference its responses to Paragraphs 1 through 193 above as though fully set forth herein.

195. The allegations in Paragraph 195 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 195.

196. The allegations in Paragraph 196 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 196.

197. Meta admits that Plaintiff purports to own registered copyrights in the works at issue in this action. Except as expressly admitted, Meta denies the allegations in Paragraph 197, including any implication of the validity of Plaintiffs' and the Class's claimed copyrights.

198. The allegations in Paragraph 198 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 198.

199. The allegations in Paragraph 199 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 199.

200. The allegations in Paragraph 200 state legal conclusions and recitations of the

relief sought by Plaintiffs and the Class to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 200, denies that the relief sought is appropriate, and denies that Plaintiffs and the Class are entitled to any relief in this action.

201. The allegations in Paragraph 201 state legal conclusions and recitations of the relief sought by Plaintiffs and the Class to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 201, denies that the relief sought is appropriate, and denies that Plaintiffs and the Class are entitled to any relief in this action.

202. The allegations in Paragraph 202 state legal conclusions and recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate and denies that Plaintiffs or the Class are entitled to any relief in this action.

**COUNT IV**
**Direct Copyright Infringement by Training**
**Violations of the Copyright Act, 17 U.S.C. §§ 106(3) and 501 – Distribution**
**(On behalf of Plaintiffs and the Class against Defendants Meta and Zuckerberg)**

203. Meta incorporates by reference its responses to Paragraphs 1 through 202 above as though fully set forth herein.

204. The allegations in Paragraph 204 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 204.

205. The allegations in Paragraph 205 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 205.

206. Meta admits that Plaintiff purports to own registered copyrights in the works at issue in this action. Except as expressly admitted, Meta denies the allegations in Paragraph 206, including any implication of the validity of Plaintiffs' and the Class's claimed copyrights.

207. The allegations in Paragraph 207 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in

Paragraph 207.

208. The allegations in Paragraph 208 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 208.

209. The allegations in Paragraph 209 state legal conclusions and recitations of the relief sought by Plaintiffs and the Class to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 209, denies that the relief sought is appropriate, and denies that Plaintiffs and the Class are entitled to any relief in this action.

210. The allegations in Paragraph 210 state legal conclusions and recitations of the relief sought by Plaintiffs and the Class to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 210, denies that the relief sought is appropriate, and denies that Plaintiffs and the Class are entitled to any relief in this action.

211. The allegations in Paragraph 211 state legal conclusions and recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate and denies that Plaintiffs or the Class are entitled to any relief in this action.

## COUNT V

**Contributory Copyright Infringement Based on Meta's Torrenting Violations of the Copyright Act, 17 U.S.C. §§ 106(1) and 501 – Reproduction (On behalf of Plaintiffs and the Class against Defendants Meta and Zuckerberg)**

212. Meta incorporates by reference its responses to Paragraphs 1 through 211 above as though fully set forth herein.

213. The allegations in Paragraph 213 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 213.

214. The allegations in Paragraph 214 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 214.

215. The allegations in Paragraph 215 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 215.

216. Meta admits that there were discussions at the company regarding licensing data and regarding the use of publicly available data as training data for certain of Meta's Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 216.

217. The allegations in Paragraph 217 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 217.

218. The allegations in Paragraph 218 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 218.

219. Meta admits that Plaintiff purports to own registered copyrights in the works at issue in this action. Except as expressly admitted, Meta denies the allegations in Paragraph 219, including any implication of the validity of Plaintiffs' and the Class's claimed copyrights.

220. The allegations in Paragraph 220 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies allegations in Paragraph 220.

221. The allegations in Paragraph 221 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 221.

222. The allegations in Paragraph 222 state legal conclusions and recitations of the relief sought by Plaintiffs and the Class to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 222.

223. The allegations in Paragraph 223 state legal conclusions and recitations of the relief sought by Plaintiffs and the Class to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate and denies that Plaintiffs or the Class

are entitled to any relief in this action.

224. The allegations in Paragraph 224 state legal conclusions and recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate and denies that Plaintiffs or the Class are entitled to any relief in this action.

**COUNT VI**
**Removal and/or Alteration of Copyright Management Information**
**Violations of the Digital Millenium Copyright Act, 17 U.S.C. § 1202(b)**
**(On behalf of Plaintiffs and the Class against Defendant Meta)**

225. Meta incorporates by reference its responses to Paragraphs 1 through 224 above as though fully set forth herein.

226. The allegations in Paragraph 226 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 226.

227. The allegations in Paragraph 227 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 227.

228. The allegations in Paragraph 228 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta admits that it has removed repetitive text from certain training data for certain of its LLMs. Except as expressly admitted, Meta denies the allegations in Paragraph 228, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights.

229. The allegations in Paragraph 229 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta admits that it has removed repetitive text from certain training data for certain of its LLMs. Except as expressly admitted, Meta denies the allegations in Paragraph 229, including any implication as to the validity of

Plaintiffs' and the Class's claimed copyrights.

230. The allegations in Paragraph 230 state a legal conclusion to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 230.

231. Meta admits that Plaintiff purports to own registered copyrights in the works at issue in this action. Except as expressly admitted, Meta denies the allegations in Paragraph 231, including any implication of the validity of Plaintiffs' and the Class's claimed copyrights.

232. The allegations in Paragraph 232 state a legal conclusion to which no response is required. To the extent a response is required, Meta admits that it has removed repetitive text from certain training data for certain of its LLMs. Except as expressly admitted, Meta denies the allegations in Paragraph 232, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights.

233. The allegations in Paragraph 233 state a legal conclusion to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 233.

234. The allegations in Paragraph 234 state a legal conclusion and recitations of the relief sought by Plaintiffs and the Class to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 234, denies that the relief sought is appropriate, and denies that Plaintiffs and the Class are entitled to any relief in this action.

235. The allegations in Paragraph 235 state a legal conclusion and recitations of the relief sought by Plaintiffs and the Class to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 235, denies that the relief sought is appropriate, and denies that Plaintiffs and the Class are entitled to any relief in this action.

236. The allegations in Paragraph 236 contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that

the relief sought is appropriate and denies that Plaintiffs and the Class are entitled to any relief in this action.

**PRAYER FOR RELIEF**

(a) The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate and denies that Plaintiffs or the Class are entitled to any relief in this action.

(b) The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate and denies that Plaintiffs or the Class are entitled to any relief in this action.

(c) The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate and denies that Plaintiffs or the Class are entitled to any relief in this action.

(d) The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate and denies that Plaintiffs or the Class are entitled to any relief in this action.

(e) The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate and denies that Plaintiffs or the Class are entitled to any relief in this action.

(f) The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate and denies that Plaintiffs or the Class are entitled to any relief in this action.

(g) The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate and denies that Plaintiffs or the Class are entitled to any relief in this action.

(h) The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate and denies that Plaintiffs or the Class are entitled to any relief in this action.

(i) The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate and denies that Plaintiffs or the Class are entitled to any relief in this action.

(j) The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate and denies that Plaintiffs or the Class are entitled to any relief in this action.

(k) The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate and denies that Plaintiffs or the Class are entitled to any relief in

this action.

## AFFIRMATIVE DEFENSES

Meta asserts that Plaintiffs' claims are barred, in whole or in part, by the defenses set forth herein. By setting forth these defenses, Meta does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Meta reserves the right to plead any and all defenses that may be evident or revealed after investigation and discovery in this matter.

## FIRST AFFIRMATIVE DEFENSE

To the extent that Meta made any unauthorized copies of Plaintiffs' registered copyrighted works in connection with the training and development of its LLMs, or otherwise exercised any rights provided for under 17 U.S.C. § 106, such uses constitute fair use under 17. U.S.C. § 107.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs allege infringement with respect to literary works that were allegedly included as part of the training datasets used to train Meta's Llama models, including Books3, LibGen, Z-Lib, and Internet Archive. To the extent the accused datasets include works in the public domain, unregistered works, works to which copyright protection has been abandoned, works that lack requisite originality, works that are not subject to copyright protection under the doctrines of merger, *scènes à faire* or under 17 U.S.C. § 102(b) or otherwise unprotectable under the law, or works that are subject to equitable defenses, or works that were not properly registered or renewed, provided improper notice, and/or did not comply with registration requirements and/or with other necessary formalities, Meta reserves its right to defend against Plaintiffs' claims on any or all of these grounds.

**THIRD AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims are barred for lack of standing to the extent certain of the Plaintiffs does not own the copyright or does not own one or more of the rights afforded under 17 U.S.C. § 106 for some or all of the works, did not suffer sufficient cognizable injury to confer Article III standing, and/or otherwise lack standing to assert the claims herein.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claim for removal of copyright management information is barred because Meta did not know or have reasonable grounds to know that its actions would induce, enable, facilitate, or conceal an infringement; its actions did not induce, enable, facilitate, or conceal an infringement; and Plaintiffs lack concrete injury proximately caused by any such action and, therefore, lack standing to assert that claim.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent Meta uploaded portions of copyrighted works in the context of downloading training datasets via bit torrent any such reproduction was *de minimis* and did not result in the creation of an identifiable or usable copy of any copyrighted work.

**SIXTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims are bared under the doctrines of copyright misuse and unclean hands to the extent that Plaintiffs' asserted works quote from, copy, or otherwise incorporate works of others without permission; to the extent the asserted works are derivative of or copy preexisting works, including works undisclosed in Plaintiffs' copyright filings with the U.S. Copyright Office; to the extent Plaintiff misstated or overstated its claims of copyright ownership; to the extent Plaintiffs have prompted Llama and/or Muse Spark to attempt to cause those models to reproduce their works; and to the extent Plaintiffs seek to prevent activities and uses that do not implicate rights protected by 17 U.S.C. § 106.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs seek excessive statutory damages under their claims that are disproportional to the alleged legal violations, such damages are barred by the Due Process Clause of the Fifth Amendment.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' remedies are barred at least in part by the doctrine of laches or the applicable statute of limitations to the extent the claims are based on acts that occurred three or more years prior to the filing of this lawsuit.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from recovery of damages because of and to the extent of their failure to mitigate their damages, if any.

**TENTH AFFIRMATIVE DEFENSE**

Meta did not engage in any volitional conduct capable of supporting a claim of direct copyright infringement.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims fail, in whole or in part, because the alleged damages, if any, were the result of one or more intervening or superseding causes or caused by the acts and/or omissions of persons other than Meta.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or acquiescence.

**JURY DEMAND**

Meta hereby demands a trial by jury on all claims, counterclaims, defenses, and issues in this action so triable.

Dated: July 13, 2026

By: */s/ Jessica E. Phillips*

Karen L. Dunn (*S.D.N.Y. application pending*)
Jessica E. Phillips (*pro hac vice*)
Kyle N. Smith (*S.D.N.Y. application pending*)
**DUNN ISAACSON RHEE LLP**
401 Ninth Street, NW
Washington, D.C. 20004-2637
Telephone: (202) 240-2900
Email: kdunn@dirllp.com
Email: jphillips@dirllp.com
Email: ksmith@dirllp.com

Mark Weinstein (*pro hac vice*)
Elizabeth Stameshkin (*pro hac vice*)
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Email: mweinstein@cooley.com
Email: lstameshkin@cooley.com

Philip Morton (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Email: pmorton@cooley.com

*Counsel for Defendant Meta Platforms, Inc.*