# KELLER ROHRBACK L.L.P.

August 3, 2026

*DELIVERED VIA ECF*

Honorable P. Kevin Castel
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

> **Re:** *Elsevier Inc. et al. v. Meta Platforms, Inc. et al.*, No. 1:26-cv-03689-PKC

Dear Judge Castel:

In accordance with Rule 3.A of Your Honor's Individual Practices, Plaintiffs[1] file this pre-motion letter in anticipation of their motion to strike Meta's Sixth Affirmative Defense. The next conference before the Court is the initial pretrial conference scheduled for September 15, 2026, in Courtroom 11D.

As its Sixth Affirmative Defense, Meta asserts that "some or all of Plaintiffs' claims" are barred by copyright misuse and unclean hands "to the extent" that (i) Plaintiffs' works contain third-party content or are derivative of other works, (ii) Plaintiffs misstated or overstated their copyright ownership, (iii) Plaintiffs prompted Meta's AI models to reproduce their works, and (iv) Plaintiffs seek to prevent activities and uses beyond the exclusive rights in 17 U.S.C. § 106. Dkt. No. 78 at 41 ("Answer"). These threadbare allegations are insufficient as a matter of law. Meta does not allege that Plaintiffs used a copyright to obtain control beyond the statutory grant, stifle competition, or secure an anticompetitive advantage, as required for copyright misuse. Further, Meta does not allege any serious transgression that harmed it, as required for unclean hands. Plaintiffs move to strike because, if allowed to remain, this legally insufficient defense would prejudice Plaintiffs by imposing substantial, needless discovery burdens.

## I. This case is about Defendants' infringement of Plaintiffs' and the putative class's copyrighted literary works.

Plaintiffs, five publishers and a bestselling author, allege that Defendants have committed one of the most massive infringements of copyrighted materials in history. Dkt. No. 1 ("Compl.") ¶ 1. They illegally torrented and copied Plaintiffs' and the class's works from known pirate sites and, without authorization, scraped copyrighted materials from billions of webpages. *See id.* ¶¶ 60–107. They then repeatedly copied those stolen works to train Meta's AI model, Llama. *Id.* ¶¶ 108–14. In doing so, they also removed copyright management information ("CMI") from those works to conceal their infringement. *Id.* ¶¶ 115–19. Defendants' conduct upended the growing

---

[1] Plaintiffs are Elsevier Inc.; Cengage Learning, Inc.; Hachette Book Group, Inc.; Macmillan Publishing Group, LLC; McGraw Hill LLC; Scott Turow; and S.C.R.I.B.E., Inc. (a corporate entity that owns Mr. Turow's copyrights).

■ **1201 THIRD AVENUE, SUITE 3400, SEATTLE, WA 98101-3268 | TELEPHONE: (206) 623-1900 | FACSIMILE: (206) 623-3384** ■

SEATTLE (HQ)    DENVER    MISSOULA    NEW YORK    OAKLAND    PHOENIX    PORTLAND    SANTA BARBARA
WWW.KELLERROHRBACK.COM | WWW.KRCOMPLEXLIT.COM

**KELLER ROHRBACK L.L.P.**

August 3, 2026
Page 2

licensing market for AI training and flooded the market with substitute works—reaping enormous profits at Plaintiffs' and proposed class members' expense. *Id.* ¶¶ 128–66.

Based on these allegations, Plaintiffs bring infringement claims against all Defendants for (1) reproduction by torrenting, (2) reproduction via unauthorized web scraping, (3) reproduction in training, and (4) distribution by torrenting, as well as (5) contributory copyright infringement against Defendant Zuckerberg, and (6) removal of CMI in violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202(b), against Defendant Meta. *Id.* ¶¶ 176–236.

Meta admits many of these allegations are true: it obtained training material through direct download and torrenting; obtained material from pirate sites like LibGen, Anna's Archive, and Sci-Hub; uploaded material while torrenting; made copies of literary works to develop and train AI models; used this material to develop and train its Llama Models; and did not obtain licenses for the asserted works. Answer ¶¶ 9, 82, 90, 96, 99, 109–10, 120–25.

Meta's Answer asserts several affirmative defenses, including Meta's Sixth Affirmative Defense, which states in full:

> *Some or all* of Plaintiffs' claims are bared [sic] under the doctrines of copyright misuse and unclean hands *to the extent* that Plaintiffs' asserted works quote from, copy, or otherwise incorporate works of others without permission; *to the extent* the asserted works are derivative of or copy preexisting works, including works undisclosed in Plaintiffs' copyright filings with the U.S. Copyright Office; *to the extent* Plaintiff misstated or overstated its claims of copyright ownership; *to the extent* Plaintiffs have prompted Llama and/or Muse Spark to attempt to cause those models to reproduce their works; and *to the extent* Plaintiffs seek to prevent activities and uses that do not implicate rights protected by 17 U.S.C. § 106.

Answer at 41 (emphases added).

## II.   The Court should strike an insufficient defense that cannot succeed and would cause prejudice.

Meta's Sixth Affirmative Defense is legally and factually deficient and should be struck. Under Rule 12(f), a Court should strike "an insufficient defense" where "(1) there is no question of fact that might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by the inclusion of the defense." *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 96–99 (2d Cir. 2019) (citing *S.E.C. v. McCaskey*, 56 F. Supp. 2d 323, 326 (S.D.N.Y. 1999)).

An affirmative defense must meet the familiar "plausibility" standard. *GEOMC*, 918 F.3d at 98–99 (explaining that, after *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the first

August 3, 2026
Page 3

factor is about whether the defense has been plausibly alleged and affirming a motion to strike where the defendant failed to allege at least "some factual allegations"). This means that "[c]onclusory assertions, absent any supporting factual allegations are insufficient as a matter of law and fail to provide a plaintiff with any notice as to how the defense applies to the plaintiff's claims." *Coach*, *Inc. v. Kmart Corps.*, 756 F. Supp. 2d. 421, 425 (S.D.N.Y. 2010) (striking copyright misuse defense); *see also, e.g.*, *Obabueki v. Int'l Bus. Machs. Corp.*, 145 F. Supp. 2d 371, 401 (S.D.N.Y. 2001) (striking unclean hands defense and explaining that pleading the words "unclean hands" without more offered the plaintiff no indication about how the doctrine would bar his claims). Prejudice may exist where an invalid defense would increase the duration and expense of litigation or open unnecessary discovery. *See Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 272 (S.D.N.Y. 1999).

Here there is no question of fact or law that might allow Meta's Sixth Affirmative Defense to succeed, and Plaintiffs would be prejudiced by the inclusion of this defense.

## A.    Meta's Sixth Affirmative Defense does not state copyright misuse or unclean hands.

Meta's Sixth Affirmative Defense should be struck for the simple reason that Meta fails to allege that Plaintiffs did anything. It asserts a copyright misuse and unclean hands defense "*to the extent*" Plaintiffs engaged in several vaguely described activities. Answer at 41 (emphasis added). This "conditional language" is "at best, an abstract legal proposition, not a fact-based affirmative defense." *Coral Crystal, LLC v. Fed. Ins. Co.*, No. 1:17-cv-01007, 2021 WL 84308, at *6 (S.D.N.Y. Jan 11, 2021). The affirmative defense fails for that reason alone.

The defense suffers from several additional defects. First, the "Second Circuit has not yet recognized" the affirmative defense of copyright misuse. *Associated Press v. Meltwater U.S. Holdings, Inc.*, 931 F. Supp. 2d 537, 567 (S.D.N.Y. 2013). It is therefore unsurprising that even though motions to strike are disfavored, "courts have granted them to strike insufficient claims of copyright misuse." *UMG Recordings Inc. v. Lindor*, 531 F. Supp. 2d 453, 458 (E.D.N.Y. 2007) (striking defense and collecting cases).

But even if copyright misuse were a cognizable defense in the Second Circuit, Meta fails to plead sufficient facts to support it. Copyright misuse "occurs when a copyright owner extends the scope of her limited copyright monopoly either in violation of the antitrust laws or in violation of the public policy embodied in the copyright grant." *Coach*, 756 F. Supp. 2d at 429 (striking defense); *Meltwater*, 931 F. Supp. 2d at 568 (defense requires proof that plaintiffs' copyright practices resulted in an "improper stifling of competition"). As in *Coach*, Meta's pleadings lack any facts that support this defense. Meta does not allege "any conduct by Plaintiffs, let alone anticompetitive conduct, that would indicate an attempt to extend the scope of their [copyrights] beyond the limited monopoly granted to them." *Coach*, 756 F. Supp. 2d at 429. It follows that "there is no question of fact or law that might allow a copyright misuse defense to succeed," rendering it "insufficient as a matter of law." *Id.*

August 3, 2026
Page 4

While the unclean-hands defense is at least theoretically available in copyright actions, "[t]he Second Circuit has repeatedly emphasized the narrowness of the doctrine's application." *Specialty Mins., Inc. v. Pluess–Staufer AG*, 395 F. Supp. 2d 109, 112 (S.D.N.Y. 2005) (collecting cases). It is "recognized only rarely, when the plaintiff's transgression is of serious proportions and relates directly to the subject matter of the infringement action." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, No. 1:13-cv-00816, 2016 WL 5092593, at *3 (S.D.N.Y. Sept. 19, 2016) (quoting *Broadcast Music, Inc. v. Hearst/ABC Viacom Ent. Servs.*, 746 F. Supp. 320, 329 (S.D.N.Y. 1990)). "Courts have required 'that the plaintiff either participated in the acts of infringement or that [the] plaintiff committed some 'transgression' such as fraud upon the Copyright Office resulting in harm or prejudice to the defendant.'" *O'Neil v. Ratajkowski*, 563 F. Supp. 3d 112, 136 (S.D.N.Y. 2021) (quoting *Coleman v. ESPN, Inc.*, 764 F. Supp. 290, 296 (S.D.N.Y. 1991)). Alternatively, "a plaintiff must have committed 'truly unconscionable and brazen behavior' such as repeated misrepresentations to the court and fabrication of testimony, or seeking compensation from a company from which the plaintiff stole millions of dollars." *Id.* (quoting *Unicorn Crowdfunding, Inc. v. New St. Enter., Inc.*, 507 F. Supp. 3d 547 (S.D.N.Y. 2020)) (collecting cases).

Meta fails to allege any "transgression of serious proportions" by Plaintiffs that "relates directly to the subject matter" of the action and, further, fails to allege anything that harmed Meta. *Book Dog Books*, 2016 WL 5092593, at *3; *O'Neil*, 563 F. Supp. 3d at 136. Of the activities that Meta speculates may have occurred, the first two—unlawful use of third parties' protected content and attempts to claim protection over unauthorized derivative works—have nothing to do with Meta, and Meta pleads no facts plausibly alleging this occurred. Nor does Meta cite a single line in a single one of Plaintiffs' works in suit that infringes preexisting works. Meta likewise fails to support the conclusory assertion that Plaintiffs misstated or overstated copyright ownership with any factual allegations. Even setting that aside, the conclusion that Plaintiffs misstated or overstated copyright ownership is directly contradicted by the copyright registration records alleged in the Complaint, *see* Dkt. No. 1-1, which enjoy a statutory presumption of validity and accuracy. 17 U.S.C. § 410(c) (a timely "certificate of a registration … shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate"). If Meta is implying that Plaintiffs perpetrated fraud on the Copyright Office, it fails to allege that adequately, nor could it meet Rule 9(b)'s heightened pleading standard for fraud-based claims.

Whether Plaintiffs used Meta's AI models to discover Meta's infringement—what Meta describes as an "attempt to cause those models to reproduce their works"—has no direct relationship to whether Meta infringed in the first instance. Nor, in any event, can efforts to enforce copyrights—including development and filing of an infringement action—ground a copyright misuse or unclean hands defense. *O'Neil*, 563 F. Supp. 3d at 135–36.

And finally, the assertion that "Plaintiffs seek to prevent activities and uses that do not implicate rights protected by 17 U.S.C. § 106" fails to give Plaintiffs notice about what those

August 3, 2026
Page 5

"activities and uses" are. It also ignores that Count VI of the Complaint alleges removal of CMI in violation of 17 U.S.C. § 1202(b), a separate provision from § 106. Regardless, if Meta is merely claiming that it did not infringe Plaintiffs' exclusive rights, as Plaintiffs allege, that is not an affirmative defense. It is a denial of an element of the claim, which would be the subject of a motion to dismiss under Rule 12(b)(6). Accordingly, Meta's unclean hands defense is insufficient as a matter of law.

**B.      Allowing Meta's Sixth Affirmative Defense to proceed will prejudice Plaintiffs.**

Plaintiffs will be prejudiced by increased time and expense if Meta is allowed to seek discovery and expand these proceedings based on its copyright misuse and unclean hands defenses. Copyright misuse generally requires anticompetitive conduct akin to or within what is prohibited by the antitrust laws, and discovery in antitrust matters is extensive and costly. *See Twombly*, 550 U.S. at 558. Allowing Meta such discovery without any allegation of anticompetitive conduct would be profoundly prejudicial. *See Lindor*, 531 F. Supp. 2d at 459 (finding that permitting discovery on an unsupported antitrust-based copyright misuse theory would prejudice the plaintiffs because antitrust discovery is "particularly onerous" and "can be expensive").

More broadly, an affirmative defense that "must fail as a matter of law" should be stricken because it "prejudices the plaintiff" by "needlessly increas[ing] the duration and expense of litigation," including "increased discovery costs in having to explore the factual grounds for this defense." *Coach*, 756 F. Supp. 2d at 426, 429; *see also Specialty Mins.*, 395 F. Supp. 2d at 114 (finding prejudice on this basis and striking unclean hands defense).

**III.      CONCLUSION**

Meta's Answer fails to provide any basis for a viable affirmative defense based on copyright misuse or unclean hands. Accordingly, Plaintiffs respectfully request that the Court set the following briefing schedule for Plaintiffs' motion to strike: Plaintiffs will file their motion within 14 days after the Court's order, Defendants will have 14 days for the opposition, and Plaintiffs will have 7 days to file their reply. In the alternative, Plaintiffs request that the Court construe this pre-motion letter as a motion to strike and grant the motion.

Respectfully Submitted,

*/s/ Derek Loeser*

Derek W. Loeser (*admitted pro hac vice*)      Jeffrey M. Gould (*admitted pro hac vice*)
Benjamin Gould (*admitted pro hac vice*)       Matthew J. Oppenheim
Chris N. Ryder (*admitted pro hac vice*)       OPPENHEIM + ZEBRAK, LLP

KELLER ROHRBACK L.L.P.

August 3, 2026
Page 6

Samuel L. Rubinstein (*admitted pro hac vice*)
KELLER ROHRBACK
1201 Third Avenue, Ste 3400
Seattle, WA 98101
dloeser@kellerrohrback.com
bgould@kellerrohrback.com
cryder@kellerrohrback.com
srubinstein@kellerrohrback.com
Tel: 206.623.1900

James J. Pastore
Megan K. Bannigan
Morgan A. Davis
Kathryn C. Saba
Abigail E. Liles
DEBEVOISE & PLIMPTON LLP
66 Hudson Blvd E,
New York, NY 10001
mkbannigan@debevoise.com
jjpastore@debevoise.com
mdavis@debevoise.com
ksaba@debevoise.com
aeliles@debevoise.com
Tel: 212.909.6000

4530 Wisconsin Ave, NW, 5th Floor
Washington, DC 20016
matt@oandzlaw.com
jeff@oandzlaw.com
Tel: 202.480.2999

Daryl L. Kleiman
Edward Crouse (*admitted pro hac vice*)
Eli Goldman (*admitted pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
491 Fifth Avenue, 19th Floor
New York, NY 10017
dkleiman@oandzlaw.com
ecrouse@oandzlaw.com
egoldman@oandzlaw.com
Tel: 212.951.1156

*Counsel for Plaintiffs and the Proposed Class*